UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13   01496

----------------------------------------------------X

KEY CHUN KIM by KRISTIN KIM, his next friend,

Plaintiff,

-vs.-

CITY OF NEW YORK; CHARLES J. HYNES,
DISTRICT ATTORNEY OF KINGS COUNTY;
GEORGE HARVEY; GREGORY LANE; JEANMARC
DENIS; RIDES UNLIMITED, CORP.; COPART, INC.;
PROPERTYROOM.COM, INC.;
NEW YORK STATE DEPARTMENT OF
MOTOR VEHICLES, MELROSE CREDIT UNION
and JOHN and JANE DOES Nos. 1-4,

Defendants.

----------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Docket No.

ROSS, J.

POHORELSKY, M.J.

Plaintiff, Key Chun Kim, by his next friend and sister, Kristin Kim, and by his attorneys, Neufeld and O'Leary, as and for his Complaint respectfully alleges as follows:

## SUMMARY OF PROCEEDING

1.      On January 1, 2013, Key Chun Kim (referred to herein as "Mr. Kim"), while working as a taxi driver in Kings County, New York, was viciously assaulted, rendering him comatose and unable to communicate.   The New York City Police Department ("NYPD") arrived at the scene of Mr. Kim's attack and arranged for an ambulance to rush him to Kings County Hospital for treatment of his severe injuries.

2.      At the scene of Mr. Kim's beating, the NYPD took possession of Plaintiff's property, including his taxi vehicle, his taxi medallion, and other business property, having a total value in excess of $1,000,000.  Thereafter, certain of Mr. Kim's cash was deposited in a bank for safekeeping by the NYPD and his personal identification records were provided to his sister, who required the same in connection with medical treatment for the

Plaintiff.  The rest of Mr. Kim's property was designated as arrest evidence by the District Attorney for Kings County.  However, notwithstanding the forgoing, on February 13, 2013 the NYPD purports to have deemed Plaintiff's taxi vehicle and related property as abandoned and relinquished control of the same, including the taxi medallion and other business property of the Plaintiff's, to the Defendant, Rides Unlimited, Corp.

3.      The City of New York is a Defendant as the City Charter provides that claims be asserted against the City of New York.  Defendants George Harvey, Gregory Lane and Jeanmarc Denis are individual employees of the NYPD whose acts and/or admissions contributed to the deprivation of Plaintiff's civil rights.  Defendants Copart, Inc. and Propertyroom.com, Inc. are the entities who effectuated the transfer of Plaintiff's property to Defendant Rides Unlimited, Corp.  Upon information and belief, Copart, Inc. and Propertyroom.com, Inc. acted as agents of the City of New York and/or pursuant to agreements with the City.  Defendant Rides Unlimited, Corp. is the entity in possession of Plaintiff's property.  The other Defendants are nominal Defendants against whom no causes of action are asserted.

4.      This action seeks, inter alia, the immediate return of Mr. Kim's property, including his vehicle, taxi medallion and other business property in which, upon information and belief, is in the possession of Defendant Rides Unlimited, Corp.  Plaintiff also seeks damages against the various other defendants under 42 USC § 1983 as a result of the Defendants' violations of  Plaintiff's civil rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution.

## THE PARTIES

5.      Plaintiff Key Chun Kim ("Mr. Kim") remains a full-time patient at

Promenade Rehabilitation Center in Queens County where he is being treated for his injuries. He remains unable to communicate as of the date of this Complaint.

6.      Kristin Kim ("Ms. Kim") is Mr. Kim's sister.  She resides in Yardley, Pennsylvania. Ms. Kim is bringing this action as Mr. Kim's next friend pursuant to Federal Rule of Civil Procedure 17(b) as no representative has been duly appointed on his behalf. Mr. Kim's other siblings all agree with and support Ms. Kim bringing this action on behalf of Mr. Kim and to protect his rights.

7.      Defendant City of New York (the "City") is a municipal subdivision of the State of New York, duly existing by reason of and pursuant to, inter alia, the laws of the State of New York and is sued hereunder pursuant to Section 396 of the Charter of the City of New York.

8.      Defendant Charles J. Hynes is the Kings County District Attorney (the "District Attorney") and is named in his representative capacity. He is named as a nominal defendant because the Office of the District Attorney has previously expressed an interest in the property which is the subject of this action, having designated the property as "arrest evidence" prior to the time it was purportedly sold.

9.      Defendant George Harvey ("Harvey"), who is being sued in his individual capacity, is a Detective employed by the NYPD.  Upon information and belief, at all relevant times described herein, Harvey was acting under color of state law within the scope of this employment as a Detective by the City of New York.

10.      Defendant Gregory Lane ("Lane"), who is being sued in his individual capacity, is a Lieutenant employed by the NYPD.  Upon information and belief, at all relevant times described herein, Lane was acting under color of state law within the scope

of this employment as a Lieutenant by the City of New York.

        11.      Defendant Jeanmarc Denis ("Denis"), who is sued in his individual capacity, is a Police Officer employed by the NYPD.  Upon information and belief, at all relevant times described herein, Denis was acting under color of state law within the scope of this employment as a Police Officer by the City of New York.

        12.      Defendant Copart, Inc. ("Copart") is a foreign corporation organized under the laws of the State of Delaware and maintains a place of business at 1983 Montauk Highway, Brookhaven, Suffolk County, New York  11719.  Upon information and belief, at all relevant times described herein, Copart was acting under color of state law pursuant to and within the scope of an agreement with the Defendant City and/or the NYPD.  Upon information and belief, Copart is not authorized to do business in the State of New York, having failed to comply with New York Business Corporation Law Section 1301.

        13.      Defendant Propertyroom.com, Inc. ("Propertyroom") is a foreign corporation organized under the laws of the State of Delaware, is authorized to do business in the State of New York and maintains a place of business at 1983 Montauk Highway, Brookhaven, Suffolk County, New York 11719.  Upon information and belief, at all relevant times described herein, Propertyroom was acting under color of state law pursuant to and within the scope of a contract with the Defendant City and/or the NYPD.

        14.      Defendant Rides Unlimited, Corp. ("Rides") is, upon information and belief, a domestic corporation which maintains its principal place of business at 93-03 Atlantic Avenue, Woodhaven, Queens County, New York.  Rides is licensed by the New York City Department of Consumer Affairs as a Secondhand Auto Dealer under License Number 1345367 and is registered as an Auto Dealer with the New York State

Department of Motor Vehicles as Facility Number 7109608.

15.      Defendant New York State Department of Motor Vehicles ("DMV") is an agency of the State of New York and is named as a nominal defendant because it administers the registration and ownership of vehicles and the transfer of the same and so that it will be bound by the determination concerning the proper owner of Plaintiff's taxi vehicle.

16.      Defendant Melrose Credit Union ("Melrose") is a financial institution regulated by the New York State Department of Financial Services which maintains a principal place of business in Queens County, New York.  Melrose is named as a nominal defendant as it holds a security interest in Plaintiff's vehicle, taxi medallion and other business property.

17.      Defendants John and Jane Doe Nos. 1 through 4 are presently unknown individuals or entities who may be liable to Plaintiff.

### JURISDICTION AND VENUE

18.      Jurisdiction is proper in this Court pursuant to 28 USC § 1331, 28 USC § 1343 and 28 USC § 1367.  Plaintiff's causes of action against those Defendants other than Rides Unlimited, Corp. arise under the civil rights guaranteed by the United States Constitution and as protected by federal statute.

19.      Plaintiff's causes of action against Defendant Rides Unlimited, Corp. are so related to the causes of action as against the other defendants as to arise from the same cause of action.

20.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as a substantial portion of the events occurred in Kings County and Queens

County, respectively, which are both located within the Eastern District of New York.

## FACTUAL ALLEGATIONS

21.    Mr. Kim is 53-year old, unmarried male who resides alone in Queens County, New York but who since January 1, 2013 has been continuously located at either Kings County Hospital in Brooklyn, New York, or in Promenade Rehabilitation Center in Far Rockaway, Queens, New York, as an in-patient.

22.    At all times since January 1, 2013, Mr. Kim has been unable to walk, speak or communicate, and is unable to care for himself or administer his personal or business affairs.

23.    Prior to January 1, 2013, Mr. Kim earned his livelihood as a taxi-driver but has been unable to work since January 1, 2013.

24.    Mr.    Kim    owns    a    2011    Ford    Crown    Victoria    (VIN    # 2FABP7AV1BX123517), which had all required number plates and which he utilized as a taxi (the "Vehicle").

25.    The Vehicle is presently in the possession of Defendant Rides, which has improperly claimed ownership thereof.

26.    Mr. Kim owns New York City Taxi and Limousine Commission Medallion 4D52 (the "Medallion"), which is required in order for him to properly operate the Vehicle as a taxi.  He also owns a rate card, meter and TPEP device (the "Business Property") which he utilizes in the course of operating the Vehicle.

27.    The Medallion and the Business Property are presently in the possession of Defendant Rides, which has improperly claimed ownership thereof.

28.    Defendant Melrose holds a security interest in the Vehicle, Medallion and Business Property, which secure indebtedness of Mr. Kim to Melrose in an amount in excess of $250,000.

29.    On the morning of January 1, 2013, while operating the Vehicle, Mr. Kim was viciously assaulted in Brooklyn, New York by a customer.

30.    The assault was publicized by news media, including, inter alia, CBS and ABC, both of which described the assault as "brutal."  The Defendant District Attorney issued a press release on January 29, 2013, providing, in pertinent part, that:

> Two witnesses called police and identified the suspect when police arrived at the scene.  Kim was taken to Kings County Hospital with multiple fractures to the skull and bruising and swelling to the brain.  He remains in very serious condition at Kings County Hospital, where he underwent surgery for his injuries.

31.    The NYPD, including Defendant Denis, arrived at the scene of Mr. Kim's assault and arranged for Mr. Kim, who was unconscious, to be brought to Kings County Hospital by ambulance.

32.    Mr. Kim's assailant, Andrew McElroy, was arrested at the scene and indicted on three counts of assault, including Second Degree Assault under Subsection (4) of Section 120.05 of the NY Penal Law, which provides that a person is guilty of second degree assault where "he recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument."

33.    As a result of the assault, Mr. Kim underwent a bifrontal craniotomy and other procedures, and remained in a coma for more than a month.  Since the assault he has continuously been either a patient at Kings County Hospital or at the Promenade

Rehabilitation Facility.   He currently remains unable to walk and cannot speak or communicate.

34.        On January 1, 2013, at the scene where Mr. Kim was assaulted, the NYPD undertook to take possession of Mr. Kim's Vehicle, Medallion, the Business Property and certain other property of the Plaintiff, including his backpack which contained his identification; his cellular phone; and $1,954.25 in cash.   The NYPD transported the property to an area at the NYPD police station in Kings County utilized for such purposes.

35.        The Vehicle, the backpack and identification, the cellular phone and the cash were all entered into the New York City Police Department's Property and Evidence Tracking System (the "PET System") under separate invoice numbers.  All of the items were expressly designated as property being held for safekeeping.

36.        The NYPD, including Defendant Denis, failed to enter the Medallion and the Business Property into the PET System.

37.        The PET System invoice number for the Vehicle was Property Clerk Invoice Number 3000162755 (the "Invoice").  See Exhibit "A".

38.        Neither Mr. Kim nor his family were provided with a voucher for any of the items which the NYPD took into its possession.

39.        The Invoice confirms that the NYPD had actual knowledge of Mr. Kim's condition and his physical location at the time the NYPD took possession of his property.

40.        The Invoice expressly provides that Mr. Kim "was unconsciouse (sic.) at the scene and had be (sic.) removed to Kings County Hospital via EMS".

41.    On or about January 4, 2013, Ms. Kim visited the 79th Precinct of the NYPD in Brooklyn, New York, to discuss the status of the case against her brother's assailant.

42.    While at the 79th Precinct, Ms. Kim spoke with Defendant Harvey. Harvey inquired of Ms. Kim as to her brother's condition, in response to which she told him that Mr. Kim was in a coma.

43.    During the evening of January 4, 2013, while Ms. Kim was at Kings County Hospital together with the Plaintiff, Defendant Harvey, and another member of the NYPD, visited the Plaintiff at Kings County Hospital and observed his condition, which was non-responsive, as he was in a coma.

44.    Approximately a week later, Ms. Kim returned to the 79th Precinct to obtain Plaintiff's identification papers, which were required by Kings County Hospital and for the submission of applications regarding benefits to which Mr. Kim may have been entitled.

45.    She again met with Harvey, who retrieved and provided Ms. Kim with the Plaintiff's backpack and identification papers and further informed Ms. Kim that the Vehicle was safely stored in the Precinct's parking yard and that the Plaintiff's money had been deposited into a bank account for safekeeping.

46.    Upon information and belief, the Plaintiff's money remains on deposit and the City has made no claim to the same and has not transferred or assigned the Plaintiff's rights to the same.

47.    On or about February 7, 2013, the Plaintiff's vehicle remained in the possession of the NYPD and, at that time, the District Attorney directed that the Vehicle

54.    On or about February 25, 2013, the NYPD, Copart and/or Propertyroom released the Vehicle to Rides and the Medallion and Business Property were with the Vehicle at the time it was released to Rides.

55.    The NYPD purported to issue a Bill of Sale to Rides which represented that the Vehicle had been sold "as an abandoned vehicle" and further represented that the NYPD "acquired ownership of the vehicle pursuant to Section 1224 of the New York State Vehicle and Traffic Law."

56.    Section 1224 of the Vehicle and Traffic Law provides that:

> A motor vehicle shall be deemed to be an abandoned vehicle if left unattended:
> (a) with no number plates affixed thereto, for more than six hours on any highway or other public place;
> (b) for more than twenty-four hours on any highway or other public place, except a portion of a highway or public place on which parking is legally permitted;
> (c) for more than forty-eight hours, after the parking of such vehicle shall have become illegal, if left on a portion of a highway or public place on which parking is legally permitted;
> (d) for more than ninety-six hours on property of another if left without permission of the owner.

57.    The Vehicle had "number plates", was not abandoned in a public place and was not left by Plaintiff on the property of another without permission.  In fact, the NYPD had voluntarily taken possession of the Vehicle and stored it on its property.

58.    Section 1224 of the Vehicle and Traffic Law is inapplicable to Mr. Kim and the Vehicle.

59.    The NYPD had taken possession of the Vehicle after its owner and driver was rendered unconscious as a result of an assault in order to safeguard the same for

be held as "Arrest Evidence." Such direction was entered into the invoice by Defendant Denis with an express notation that Mr. Kim was "now in critical condition and in a coma." See Exhibit "A."

48.    Denis also entered a Remark on the Invoice of February 7, 2013, which expressly stated that "Do not return without ADA release." See Exhibit "A."

49.    The change of category of certain of the Plaintiff's property from "safekeeping" to "Arrest Evidence" was approved on February 7, 2013, by Defendant Lane. See Exhibit "A."

50.    Section § 12-32 of Title 38 of the Rules of the City of New York provide that Arrest Evidence cannot be disposed of until 120 days after the termination of criminal proceedings. Criminal proceedings against Plaintiff's alleged assailant, Andrew McElroy, remain ongoing and have not been terminated or disposed of as of this date.

**Purported Sale of Plaintiff's Property**

51.    On March 7, 2013, a representative of the New York City Taxi and Limousine Commission (the "TLC") informed Ms. Kim that the TLC had been contacted by Defendant Rides, which claimed it had purchased the Plaintiff's Vehicle, Medallion and Business Property.

52.    This contact from TLC was the first time Mr. Kim or Ms. Kim had been notified that the Vehicle had been sold.

53.    On February 13, 2013, the NYPD, Defendant Copart and/or Defendant Propertyroom purported to sell the Vehicle to Defendant Rides for the sum of $2,600.00.

81.    To the extent the conduct of Defendants Harvey, Lane, Denis and/or other NYPD employees failed to comply with the procedures of the City and/or the NYPD, no reasonable employee would have committed such errors and it was not within their discretion to do so.

82.    To the extent the deprivation of Plaintiff's property rights were the result of failures by employees and/or agents of the City and/or the NYPD to comply with stated procedures, such failures were systemic and/or involved multiple employees and/or agents, and were not the results of random unauthorized acts.

83.    To the extent Defendants Copart and/or Propertyroom were not acting as agents of the City and/or the NYPD in improperly transferring Plaintiff's property, they were acting pursuant to agreements with the City and/or the NYPD and willful participated with the City in depriving Plaintiff of his property interests.

84.    The City had delegated a public function to Defendants Copart and/or Propertyroom, namely the exercise of the City's right to dispose of purportedly lost or abandoned property in the City's possession.

85.    As a result of the foregoing, Plaintiff has been damaged.

**AS FOR, AND BY WAY OF A SECOND CAUSE OF ACTION
AS AGAINST DEFENDANTS CITY, HARVEY, LANE, DENIS,
COPART AND PROPERTYROOM**
<u>(Violation of Plaintiff's Fourteenth Amendment Right
To Substantive Due Process)</u>

86.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 74 and 76 through 85 with the same force and effect as if fully set forth at length here at.

87.     Plaintiff had a valid property interest in the Vehicle, the Medallion and the Business Property.

88.     Defendants City, Harvey, Lane, Denis, Copart and Propertyroom deprived Plaintiff of said property interest by, inter alia, purporting to deem his property abandoned at a time when he lacked capacity to abandon the same; by violating the procedures and time periods set forth in inter alia, the New York Administrative Code, the New York Vehicle and Traffic Law and the Rules of the City of New York; by purporting to sell the Vehicle despite the same having been designated as Arrest Evidence by the District Attorney; by sending the Letter indicating the NYPD's intent to sell the Vehicle to Plaintiff's vacant apartment at a time when they had actual and constructive knowledge of Plaintiff's location, condition and lack of capacity; by "approving for sale" the Vehicle prior to the expiration of the redemption period set forth in the Letter; by releasing the Vehicle to Defendant Rides without regard for the fact that the Vehicle had not been abandoned by Plaintiff and had been designated as Arrest Evidence by the District Attorney; and by failing to remove the Medallion and the Business Property from the Vehicle prior to relinquishing possession of the same.

89.     Such conduct was arbitrary and irrational.   Defendants City, Harvey, Lane, Denis, Copart and Propertyroom ignored and violated their own rules and procedures, as set forth in the New York Administrative Code, the New York Vehicle and Traffic Law and the Rules of the City of New York, as well as the Constitutional rights of Plaintiff.

90.     Defendants City, Harvey, Lane, Denis treated various categories of Plaintiff's property differently despite the fact that the property came into the possession of the City in the same manner.

91.     Plaintiff's backpack and identification were turned over to Plaintiff's sister; Plaintiff's money was deposited into a bank account where it is still held and Plaintiff's Vehicle was incorrectly deemed abandoned and improperly sold.

92.     That as a result of the foregoing, Plaintiff has been damaged.

## AS FOR, AND BY WAY OF A THIRD CAUSE OF ACTION AS AGAINST DEFENDANT CITY
### (*Monell* Claims)

93.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 74, 76 through 85 and 87 through 92 with the same force and effect as if fully set forth at length here at.

94.     The conduct alleged herein was undertaken pursuant to a policy statement, ordinance, regulation, or decision officially adopted by the City or by a governmental custom.

95.     The Letter sets forth the City's procedures with regard to the deeming of vehicles held by them for safekeeping as abandoned and the disposal of the same.  That, as applied in the present case, such procedures violate, inter alia, the Constitution, the New York Vehicle and Traffic Law and the New York Administrative Code.

96.     To the extent such procedures were not formally adopted by the City, the same are so persistent and widespread that they constitute a custom of the City and/or the NYPD of which the policy-making officials of the NYPD can be charged with constructive knowledge.

97.     To the extent the misconduct which resulted in the violation of Plaintiff's civil rights did not result from procedures formally adopted by the City and/or a custom, the same is the result of the City and the NYPD's indifference to their obligations to properly train or supervise their subordinates.

98.     Neither Plaintiff nor Plaintiff's family were provided with a voucher at the time the NYPD took possession of Plaintiff's property, which is a part of what has been previously determined by, inter alia, the United States Court of Appeals for the Second Circuit to be an established procedure of the City of misinforming claimants who do not receive notice by voucher of the prevailing procedures for recovery.

99.     The Letter sent to Plaintiff's apartment did not provide sufficient notification to Plaintiff of the prevailing recovery procedures, as (a) the Letter was sent to a location where the NYPD had actual knowledge that Plaintiff was not present and at a time when the NYPD had actual knowledge Plaintiff lacked capacity to act; and (b) the Letter was silent as to the procedures for claiming vehicles and other property not covered by the New York Vehicle and Traffic Law.

100.     The Plaintiff's Vehicle was not within the scope of Section 1224 of the New York Vehicle and Traffic Law and such law was inapplicable to the Medallion and Business Property.

101.     As a result of the foregoing, Plaintiff has been damaged.

**AS FOR, AND BY WAY OF A FOURTH CAUSE
OF ACTION AS AGAINST ALL DEFENDANTS
(Declaratory Judgment)**

102.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 74, 76 through 85, 87 through 92 and 94 through 101 with the same force and effect as if fully set forth at length here at.

103.    On January 1, 2013, Plaintiff owned the Vehicle, the Medallion and the Business Property.

104.    At no time after January 1, 2013 did Plaintiff have the capacity to abandon and/or transfer title to Property.

105.    At no time after January 1, 2013 did Plaintiff abandon the Vehicle, the Medallion and the Business Property or transfer title to the same to the Defendants or any other person or entity.

106.    Defendants City, Copart and/or Propertyroom at no point had proper title to the Vehicle, the Medallion and/or the Business Property and lacked the capacity to transfer the same to Defendant Rides.

107.    Even if Defendants City, Copart and/or Propertyroom could properly have conveyed title to the Vehicle, they could not transfer ownership of the Medallion and the Business Property, as the same are subject to the rules, regulations and oversight of the TLC.

108.    Defendant Rides does not have proper title to the Vehicle, the Medallion or the Business Property.

109.    The Vehicle, the Medallion and the Business Property are owned by Plaintiff and Plaintiff is entitled to reclaim sole possession of the same, subject to the rights of Defendant District Attorney to utilize the same as evidence.

## AS FOR, AND BY WAY OF A FIFTH CAUSE OF ACTION AS AGAINST DEFENDANT RIDES
### (Conversion)

110.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 74, 76 through 85, 87 through 92, 94 through 101 and 103 through 109 with the same force and effect as if fully set forth at length here at.

111.     Plaintiff legally owns the Vehicle, the Medallion and the Business Property.

112.     Defendant Rides has exercised unauthorized dominion of the Vehicle, the Medallion and the Business Property by failing to turn over the same in response to proper demands of the Plaintiff and the TLC.

113.     As a result of the foregoing, Plaintiff has been damaged.

**AS FOR, AND BY WAY OF A SIXTH CAUSE<br>OF ACTION AS AGAINST DEFENDANT RIDES<br><u>(Replevin)</u>**

114.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 74, 76 through 85, 87 through 92, 94 through 101, 103 through 109 and 111 through 113 with the same force and effect as if fully set forth at length here at.

115.     Plaintiff's claim of ownership to the Vehicle, the Medallion and the Business Property is superior to that of Defendant Rides.

116.     Plaintiff has demanded that Defendant Rides turnover possession of the Vehicle, the Medallion and the Business Property.

117.     Defendant Rides has refused to turn over possession of the Vehicle, the Medallion and the Business Property.

118.     As a result of the foregoing, Plaintiff has been damaged.

**AS FOR, AND BY WAY OF A SEVENTH CAUSE<br>OF ACTION AS AGAINST DEFENDANT RIDES<br><u>(Permanent Injunction)</u>**

119.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 74, 76 through 85, 87 through 92, 94 through 101, 103

21

set forth in inter alia, the New York Administrative Code, the New York Vehicle and Traffic Law and the Rules of the City of New York; by purporting to sell the Vehicle despite the same having been designated as Arrest Evidence by the District Attorney; by sending the Letter indicating the NYPD's intent to sell the Vehicle to Plaintiff's vacant apartment at a time when they had actual and constructive knowledge of Plaintiff's location, condition and lack of capacity; by "approving for sale" the Vehicle prior to the expiration of the redemption period set forth in the Letter; by releasing the Vehicle to Defendant Rides without regard for the fact that the Vehicle had not been abandoned by Plaintiff and had been designated as Arrest Evidence by the District Attorney; and by failing to remove the Medallion and the Business Property from the Vehicle prior to relinquishing possession of the same.

78.    Defendants City, Harvey, Lane, Denis, Copart and Propertyroom failed to give Plaintiff notice reasonably calculated under the circumstances to apprise Plaintiff of their intent to sell the Vehicle as, inter alia, the NYPD had actual knowledge of Plaintiff's condition and that he was admitted to Kings County Hospital, yet mailed a letter giving him 15 days to reclaim the Vehicle to Plaintiff's empty apartment.

79.    That as a result of the acts and/or omissions of the Defendants City, Harvey, Lane, Denis, Copart and Propertyroom, Plaintiff was deprived of his property without procedural due process.

80.    The deprivation of Plaintiff's right to procedural due process resulted from the failure of Defendants City, Harvey, Lane, Denis, Copart and Propertyroom to enact and/or comply with proper procedures to safeguard the property interests of crime victims after the City takes possession of the same.

## Demands of Plaintiff are Ignored

73.       That on or about March 12, 2013, Plaintiff's counsel wrote to Rides and demanded the turnover and relinquishment of possession and control of the Vehicle, Medallion and Business Property.  To date Rides has ignored this demand and provided no response.

74.       That on or about the March 12, 2013, Plaintiff's counsel wrote to the NYPD Legal Bureau, the 79th Precinct of the NYPD, and the New York City Law Department demanding that possession and control of the Vehicle, Medallion and Business Property be returned forthwith to Plaintiff's representative.  In response, the representatives of the City Law Department and NYPD Legal Bureau both informed Plaintiff that the Plaintiff's only recourse was the commencement of a lawsuit against the City.  The 79th Precinct did not respond to Plaintiff's letter.

### AS FOR, AND BY WAY OF A FIRST CAUSE OF ACTION
### AS AGAINST DEFENDANTS CITY, HARVEY, LANE, DENIS, COPART AND PROPERTYROOM
(Violation of Plaintiff's Fourteenth Amendment Right
To Procedural Due Process)

75.       Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 74, with the same force and effect as if fully set forth at length here at.

76.       Plaintiff, as owner of the Vehicle, the Medallion and the Business Property, had a property interest in the same.

77.       Defendants City, Harvey, Lane, Denis, Copart and Propertyroom deprived Plaintiff of said property interest by, inter alia, purporting to deem his property abandoned at a time when he lacked capacity to do so; by violating the procedures and time periods

65.    The Letter made no reference to the Medallion or Business Property.

66.    At no time between January 1, 2013, and the date of the Complaint did Plaintiff have the capacity to read, write or communicate and the NYPD had actual as well as constructive knowledge of the same.

67.    The Letter was at no time sent to the Kings County Hospital or the Promenade Rehabilitation Center.

68.    After learning of the existence of the letter, Ms. Kim contacted Defendant Harvey to make it clear that there was never any intent to abandon the Vehicle, in response to which Defendant Harvey told her that he could not provide her with any assistance and could not speak with her about this matter.

69.    Within the fifteen day period referred to in the January 23, 2013 letter, the NYPD had actual and constructive knowledge that the Defendant District Attorney had designated the Vehicle as Arrest Evidence, which could not be released without the District Attorney's consent.

70.    Prior to the expiration of the fifteen-day period, as had been represented in the January 23 letter purportedly sent by the NYPD, the NYPD proceeded to approve the Vehicle for auction without notice or disclosure to the Plaintiff.

71.    After the Vehicle was purportedly sold, the TLC informed Ms. Kim that it had demanded that Rides relinquish possession and control to the Medallion and Business Property by returning it to TLC on or before March 21, 2013.

72.    Upon information and belief, Defendant Rides has failed and continues to refuse to turn over the assets to the TLC or Plaintiff.

the owner and, thereafter, the Vehicle was designated as Arrest Evidence by the District Attorney.

60.    Mr. Kim (a) at no point since January 1, 2013 has had the capacity to abandon the Vehicle, the Medallion or the Business Property; (b) did not intend to abandon the same and (c) took no affirmative act or made no omission which could be perceived as evidence of such intent to abandon.

61.    Section § 14-140 of the New York Administrative Code provides that the NYPD Property Clerk cannot dispose of abandoned personal property or a vehicle not covered by Section 1224 of the Vehicle and Traffic Law, unless the same goes unclaimed for more than three months.

62.    The vehicle was purportedly sold and disposed of less than three months after the NYPD had taken possession of the same and at all times its ownership was known and the Vehicle was never "unclaimed."

**Plaintiff Received No Notice**
**Of The Proposed Sale Of His Vehicle**

63.    On January 23, 2013, despite having actual knowledge of Mr. Kim's condition and that he was admitted to Kings County Hospital, the NYPD mailed a letter to Mr. Kim's vacant apartment (the "Letter"), which improperly stated that after seven days the Vehicle would be transferred to a private storage facility operated by Defendant Copart, Inc.

64.    The Letter further provided that if Mr. Kim failed to claim his vehicle within fifteen (15) days it would be "deemed abandoned and will become property of New York City" and "would be sold at an auction pursuant to New York State Vehicle and Traffic Law § 1224."

12

through 109, 111 through 113 and 115 through 118 with the same force and effect as if fully set forth at length here at.

120.    Plaintiff is the proper owner of the Vehicle, the Medallion and the Business Property and is entitled to exclusive possession of the same.

121.    Defendant Rides should be permanently enjoined from utilizing, selling, transferring, assigning and/or encumbering the Vehicle, the Medallion and the Business Property.

### AS FOR, AND BY WAY OF A EIGHTH CAUSE OF ACTION AS AGAINST DEFENDANTS COPART AND PROPERTYROOM (Negligence)

122.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 74, 76 through 85, 87 through 92, 94 through 101, 103 through 109, 111 through 113, 115 through 118 and 120 through 121 with the same force and effect as if fully set forth at length here at.

123.    By law, the proceeds of any sale of property deemed abandoned by the NYPD are to be held for the benefit of the prior owner.

124.    Plaintiff, as the owner of the Vehicle prior to the same being improperly deemed abandoned by the NYPD and sold, is an intended beneficiary of any agreement between the City and/or the NYPD and/or Copart and/or Propertyroom pursuant to which the Vehicle was purportedly sold.

125.    Defendants Copart and/or Propertyroom owed a duty to Plaintiff to conduct the sale of the Vehicle with reasonable care.

126.     Defendants Copart and/or Propertyroom knew, or should have known, that the Medallion and the Business Property are separate property which are not part of the Vehicle.

127.     Defendants breached their duty to Plaintiff by failing to remove the Medallion and the Business Property from the Vehicle before turning possession of the same over to Defendant Rides.

128.     As a result of the foregoing, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1.     On the First Cause of Action in an amount to be determined at trial but in an amount not less than $1,000,000.00, together with interest thereupon, costs and a statutory award of attorney's fees;

2.     On the Second Cause of Action in an amount to be determined at trial but in an amount not less than $1,000,000.00, together with interest thereupon, costs and a statutory award of attorney's fees; and

3.     On the Third Cause of Action, in an amount to be determined at trial but in an amount not less than $1,000,000.00, together with interest thereupon, costs and a statutory award of attorney's fees; and

4.     On the Fourth Cause of Action, an order declaring that Plaintiff is the proper owner of the Vehicle, the Medallion and the Business Property and is entitled to sole possession thereof, subject to the rights of Defendant District Attorney to utilize same as evidence; and

5.     On the Fifth Cause of Action, in an amount to be determined at trial but not less than $1,000,000.00, together with interest thereupon and costs; and

6.    On the Sixth Cause of Action, an order directing Defendant Rides to immediately turn over possession of the Vehicle, the Medallion and the Business Property and to execute any documents necessary for the records of Defendant DMV to reflect Plaintiff's ownership of the Vehicle.

7.    On the Seventh Cause of Action, an order permanently enjoining Defendant Rides Unlimited Corp. from utilizing, selling, transferring, signing and/or encumbering the Vehicle, the Medallion and the Business Property.

8.    On Eighth Cause of Action, in an amount to be determined at trial but not less than $1,000,000.00, together with interest thereupon and costs; and

9.    For such other and further relief as this Court deems just and proper given the circumstances herein.

### Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated:  New York, New York
March 20, 2013

Yours, etc.,

NEUFELD & O'LEARY

By: _____

Michael J. Giusto, Esq. (MG-6869)
Attorneys for Plaintiff
370 Lexington Avenue, Suite 908
New York, New York 10017
(212) 986-0999

 

**NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev.11/09)

Invoice No. **3000162755**

| Invoice Date | | | Invoice Status |
|---|---|---|---|
| **01/01/2013** | | | **CLOSED** |

| Invoicing Command | Property Type | | Property Category |
|---|---|---|---|
| **79TH PRECINCT** | **VEHICLE / BOAT** | | **ARREST EVIDENCE** |

| Officers | Rank | NAME | Tax No. | Command | |
|---|---|---|---|---|---|
| Invoicing | POM | DENIS,JEANMARC | | 79TH PRECINCT | ADA Case |
| Arresting | POM | DENIS,JEANMARC | | 79TH PRECINCT | ADA Name |
| Investigating | POM | DENIS,JEANMARC | | 79TH PRECINCT | ADA Phone |
| Det.Squad Supervisor | N/A | | | | Det.Sqd Case No. N/A |
| Custody Receiving | N/A | | | | DCJS/Cent Reg No. N/A |
| Owner Notified By | POM | DENIS,JEANMARC | | 79TH PRECINCT | Date |  Time: |
| How the Owner Notified: | | | | | |

**Vehicle Details**

| Vehicle Year 2011 | Make: FORD | Model:OTHER | Type: 4 DOOR SEDAN | Color: YELLOW |
|---|---|---|---|---|

Veh.Ident. No: 2FABP7AV1BX123517        No. of Lic. Plates:    2        Lic. Plate No.: 4D629        State: NY - US

Cert. Of Inspection Ser. No. P566880        State: NY - US        VIN:        Vehicle Running: YES

PETS# 5373042

Additional Description:

Location Veh/Boat Obtained: 2611 Mase 537 WILLOUGHBY AVE BROOKLYN NY 11206

Time:  07:20    Date: 01/01/2013    Personal Property Removed: YES    Recovery Premise Type: street

Department Tow Operator:                    Name:

Alarm No:                Truck #

**REMARKS:**
917525 01/01/2013 20:34 : AT T/P/O C/V IS A VICTIM OF AN ASSAULT. C/V WAS UNCONCIOUSE AT THE SCENE AND HAD BE
REMOVED TO KINGS COUNTY HOSPITAL VIA EMS AND HIS VEHICLE HAD TO BE VOUCHERED FOR
SAFEKEEPING.

928757 01/19/2013 09:07 : INTAKE DOCS

804159 01/29/2013 12:23 : RELEASE PHOTOS TO COPART

903630 02/06/2013 11:20 : FIRST REVIEW: APPROVED FOR AUCTION

903630 02/08/2013 13:29 : SECOND REVIEW: APPROVED FOR AUCTION

917525 02/07/2013 02:12 : REQUESTED CHANGE OF CATEGORY FROM " SAFEKEEPING " TO " ARREST EVIDENCE " REASON :
ASSAULT
VICTIM NOW IN CRITICAL CONDITION AND IN A COMA

917525 02/07/2013 02:18 : ADA ROBITAILLE WANTS THE CAR HELD FOR ARREST EVIDENCE. DO NOT RETURN WITHOUT ADA
RELEASE.



Invoice No. **3000162755**

**Property Clerk Copy**
printed 03/11/2013 10:17

PCD Storage No.
**13J000347**

Page No. **1** of **3**



**NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev.11/09)



Invoice No. **3000162755**

919278 02/07/2013 08:04 : APPROVED : CHANGE OF CATEGORY REMARKS:

WF-BATCH 02/14/2013 21:8 VEHICLE SOLD AT AUCTION TO RIDES UNLIMITED CORP FOR $ 2600.00 ; ORDER NO. 10002778

WF-BATCH 02/25/2013 22:0 VEHICLE RELEASED TO AUCTION WINNER

| Date of Incident | Penal Code/Description | Case Classification | Related To | Receipt |
|---|---|---|---|---|
| 01/01/2013 | 12000/ASSAULT | MISDEMEANOR | | ACCEPTED |

| Prisoner(s) Name | D.O.B. | Age | Address | Arrest No. | NYSID No. |
|---|---|---|---|---|---|
| MCELROY, ANDREW | | | | K13B00149 | |

| Name | Tax No. | Address | | Phone No. |
|---|---|---|---|---|
| Finder(s) | | | | |
| Registered Owner | KIM,KEY | 48-38,220 PLACE,1,QUEENS,NY-11361 | | |
| Titled Owner | KIM,KEY | 48-38,220 PLACE,1,QUEENS,NY-11361 | | |

Vehicle Taken From

| | | | |
|---|---|---|---|
| Summons Served No.(s) | N/A | | |
| Complaint No. | 2013-079-00010 | | |
| Accident/Incident No.(s) | N/A | | |
| Related Invoice(s) | N/A | | |

## Inspection Details

Inspection Desc:                    01/01/2013 18:26  Inspection Performed by  JEANMARC, DENIS   Tax ID

| No of Tires: | No of Airbags: | Battery: | Radio: | Additional Audio Equipment: |
|---|---|---|---|---|
| Special Wheels: | Wheel Covers: | Keys with Vehicle: | Trunk: | Glove Compartment: |
| Exterior Condition: | | Interior Condition: | | Odometer Reading: |

Additional equipment or Accessories:
(Indicate Which)

List Missing or Damaged Parts:
(Indicate Which)

Inspection Desc: INVOICING INSPECTION      01/01/2013 20:09  Inspection Performed by  JEANMARC, DENIS   Tax ID

| No of Tires: | 05 | No of Airbags: | 02 | Battery: | YES | Radio: | AM / FM | Additional Audio Equipment: | NONE |
|---|---|---|---|---|---|---|---|---|---|
| Special Wheels: | NONE | Wheel Covers: | 04 | Keys with Vehicle: | IGNITION & TRUNK | Trunk: | LOCKED | Glove Compartment: | OPEN |
| Exterior Condition: | FAIR | | | Interior Condition: | FAIR | | | Odometer Reading: | 105393 |



Invoice No. **3000162755**

**Property Clerk Copy**
printed: 03/11/2013 10:17

PCD Storage No.
**13J000347**

Page No. **2** of **3**



**NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev.11/08)



Invoice No. **3000162755**

Additional equipment or Accessories:
(Indicate Which)

List Missing or Damaged Parts: **NONE**
(Indicate Which)

_Inspection Desc:_ INTAKE INSPECTION    01/19/2013 08:43   _Inspection Performed by_ FLYNN, MCLEAN   _Tax ID_

| No of Tires: **05** | No of Airbags: **02** | Battery: **YES** | Radio: **AM / FM** | Additional Audio Equipment: **NONE** |
|---|---|---|---|---|
| Special Wheels: **NONE** | Wheel Covers: **NONE** | Keys with Vehicle: **IGNITION ONLY** | Trunk: **OPEN** | Glove Compartment: **OPEN** |
| Exterior Condition: **FAIR** | | Interior Condition: **FAIR** | | Odometer Reading: **105454** |

Additional equipment or Accessories:
(Indicate Which)

List Missing or Damaged Parts: **NONE**
(Indicate Which)

| Approvals | Rank | | Tax No. | Command | Date | Time |
|---|---|---|---|---|---|---|
| Entered by | POM | DENIS,JEANMARC | | 79TH PRECINCT | 01/01/2013 | 17:54 |
| Invoicing Officer | POM | DENIS,JEANMARC | | 79TH PRECINCT | 01/01/2013 | 17:54 |
| Approved By | SGT | KORNBLUTH,TIMOTHY | | 79TH PRECINCT | 01/01/2013 | 22:38 |
| Quate Approved by | LT. | LANE,GREGORY | | PROP CLERK DIV | 02/07/2013 | 08:06 |



Invoice No. **3000162755**

**Property Clerk Copy**
printed: 03/11/2013 10:17

PCD Storage No.
**13J000347**
Page No. 3 of 3